# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------

THOMAS FLOOD,

                Plaintiff,

-against-

OTIS J. CHRISTIAN, AUSLANDER CORPORATION and AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES,

                Defendants.

----------------------------------------------------------------

Index No.:
Date of Purchase:

Plaintiff designates Kings County as the venue for trial

## SUMMONS

The basis for venue is Place of Occurrence

Incident Occurred at:
Intersection of Farragut Road & Remsen Avenue

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer this complaint and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rosedale, New York
        February 22, 2022

                                        GREGORY SPEKTOR & ASSOCIATES, P.C.

                                        MATTHEW SULLIVAN, ESQ.
                                        *Attorneys for Plaintiff*
                                        One Cross Island Plaza, Suite 203C
                                        Rosedale, New York 11422
                                        718.528.5272

DEFENDANTS' ADDRESSES:

OTIS J. CHRISTIAN
223-21 104 Avenue
Queens, New York 11429

**Via Secretary of State**
AUSCOR TRANSPORTATION SERVICES
50 Emerald Lane
Bernardsville, New Jersey 07924

**Via Secretary of State**
AUSLANDER CORPORATION
PO Box 625
Bernardsville, New Jersey 07924

**Via Secretary of State**
AUSLANDER CORPORATION
333 Cedar Ave
Middlesex, New Jersey 08846

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------
THOMAS FLOOD,                                         Index No.:

                Plaintiff,

      -against-                                **VERIFIED COMPLAINT**

OTIS J. CHRISTIAN, AUSLANDER CORPORATION and
AUSLANDER CORPORATION d/b/a AUSCOR
TRANSPORTATION SERVICES,

                Defendants.
-----------------------------------------------------------------

      Plaintiff THOMAS FLOOD, by her attorneys GREGORY SPEKTOR & ASSOCIATES, P.C., complaining of Defendants herein, alleges as follows:

      1.    That on January 27, 2021, and upon information and belief, plaintiff THOMAS FLOOD was, and still is, a resident of the County of Kings, State of New York.

      2.    That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN was, and still is, a resident of the County of Essex, State of New Jersey.

      3.    That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was, and still is, a corporation with its principal place of business in the County of Somerset, State of New Jersey.

      4.    That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was, and still is, a domestic corporation organized and existing under and by virtue of the laws of the State of New Jersey.

5. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was, and still is, a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

6. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was, and still is, doing business in the State of New York.

7. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN operated a motor vehicle bearing New Jersey license plate AW498H.

8. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN maintained a motor vehicle bearing New Jersey license plate AW498H.

9. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN managed a motor vehicle bearing New Jersey license plate AW498H.

10. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN controlled a motor vehicle bearing New Jersey license plate AW498H.

11. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION owned a motor vehicle bearing New Jersey license plate AW498H.

12. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION maintained a motor vehicle bearing New Jersey license plate AW498H.

13. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION managed a motor vehicle bearing New Jersey license plate AW498H.

14. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION controlled a motor vehicle bearing New Jersey license plate AW498H.

15. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN operated a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION

16. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN maintained a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION

17. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN managed a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION

18. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN controlled a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION

19. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN was an employee of defendant AUSLANDER CORPORATION

20. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN operated the motor vehicle bearing New York State license plate AW498H during the course of his employment with AUSLANDER CORPORATION

21. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was negligent in hiring defendant OTIS J. CHRISTIAN.

22. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was negligent in permitting defendant OTIS J. CHRISTIAN to operate the motor vehicle bearing New York State license plate AW498H.

23. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was negligent in failing to supervise defendant OTIS J. CHRISTIAN while operating the motor vehicle bearing New York State license plate AW498H.

24. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION was negligent in entrusting the vehicle bearing New York State license plate AW498H to defendant OTIS J. CHRISTIAN.

25. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was, and still is, a corporation with its principal place of business in the County of Somerset, State of New Jersey.

26. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was, and still is, a domestic corporation organized and existing under and by virtue of the laws of the State of New Jersey.

27. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was, and still is, a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

28. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was, and still is, doing business in the State of New York.

29. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES owned a motor vehicle bearing New Jersey license plate AW498H.

30. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES maintained a motor vehicle bearing New Jersey license plate AW498H.

31. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES managed a motor vehicle bearing New Jersey license plate AW498H.

32. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES controlled a motor vehicle bearing New Jersey license plate AW498H.

33. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN operated a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES.

34. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN maintained a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES.

35. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN managed a motor vehicle bearing New Jersey license plate AW498H with the

knowledge, permission, and consent of defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES.

36. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN controlled a motor vehicle bearing New Jersey license plate AW498H with the knowledge, permission, and consent of defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES.

37. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN was an employee of defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES.

38. That on January 27, 2021, and upon information and belief, defendant OTIS J. CHRISTIAN operated the motor vehicle bearing New York State license plate AW498H during the course of his employment with AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES.

39. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was negligent in hiring defendant OTIS J. CHRISTIAN.

40. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was negligent in permitting defendant OTIS J. CHRISTIAN to operate the motor vehicle bearing New York State license plate AW498H.

41. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was negligent in failing to

supervise defendant OTIS J. CHRISTIAN while operating the motor vehicle bearing New York State license plate AW498H.

42. That on January 27, 2021, and upon information and belief, defendant AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES was negligent in entrusting the vehicle bearing New York State license plate AW498H to defendant OTIS J. CHRISTIAN.

43. That on January 27, 2021, and upon information and belief, 203 Street at or near its intersection with 112 Avenue, in the County of Kings, State of New York, was, and still is, a public highway used extensively by the general public.

44. That on January 27, 2021, and upon information and belief, plaintiff THOMAS FLOOD was lawfully operating a motor vehicle bearing New York license plate FGS5096 on Farragut Road, at or near its intersection with Remsen Avenue, in the County of Kings, State of New York.

45. That on January 27, 2021, Defendants' motor vehicle collided with Plaintiff's motor vehicle on Farragut Road, at or near its intersection with Remsen Avenue, in the County of Kings, State of New York.

46. That the collision was due solely to, and caused wholly by, the careless and negligent manner in which Defendants owned, operated, maintained, managed, and controlled their vehicle, without Plaintiff in any way contributing thereto.

47. That because of Defendants' carelessness and negligence, Plaintiff was severely injured, bruised, and wounded, and Plaintiff suffered, still suffers, and will continue to suffer for some time, from physical pain and bodily injuries, and became sick, sore, lame, and disabled, and so remained for a considerable length of time.

48. That because of Defendants' carelessness and negligence, Plaintiff was compelled to seek, and did necessarily require, medical treatment and medicine, and did necessarily pay for, and/or

become liable for, the cost of that medical treatment and medicine, and upon information and belief Plaintiff will necessarily incur similar expenses in the future.

49. That because of Defendants' carelessness and negligence, Plaintiff has been unable to attend to his usual occupation in the manner required.

50. That because of Defendants' carelessness and negligence, Plaintiff has sustained serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.

51. That one or more of the exceptions found in Section 1602 of the Civil Practice Law and Rules apply to this action.

52. That because of Defendants' carelessness and negligence, Plaintiff sustained damages in an amount that exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff, THOMAS FLOOD, demands judgment against defendants in an amount exceeding the jurisdictional limits of the lower Courts, all together with the costs and disbursements of their action.

Dated: Rosedale, New York
      February 22, 2022

GREGORY SPEKTOR & ASSOCIATES P.C.

_____
MATTHEW SULLIVAN, ESQ.
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
(718) 528-5272

## ATTORNEY VERIFICATION

MATTHEW SULLIVAN, an attorney admitted to practice law before the Courts of the State of New York, and associated with the firm of GREGORY SPREKTOR & ASSOCIATES, P.C., attorneys for Plaintiff THOMAS FLOOD, hereby affirms the following:

That I have read the foregoing SUMMONS & COMPLAINT and know the contents thereof, that the same is true to my own knowledge except as to hose matters which are stated therein to be upon information and belief, and as to those matters, I believe them to be true.

That the information contained therein was obtained based upon a review of Plaintiff's legal case file.

That the reason this Verification is made by your Affirmant and not by Plaintiff is because the Plaintiff does not reside within Queens County, where GREGORY SPREKTOR & ASSOCIATES, P.C., maintains its office.

The undersigned affirms that the foregoing statement is true under the penalties of perjury.

Dated: Rosedale, New York
       March 18, 2022

_____
MATTHEW SULLIVAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------
THOMAS FLOOD,

      Plaintiff,

  -against-

OTIS J. CHRISTIAN, AUSLANDER CORPORATION and AUSLANDER CORPORATION d/b/a AUSCOR TRANSPORTATION SERVICES,

      Defendants.
-------------------------------------------------------------------

### SUMMONS & VERIFIED COMPLAINT

**GREGORY SPEKTOR & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
718.528.5272